UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA          CASE NO.  04-30059-02/USM NO. 12514-035

VERSUS                            JUDGE ROBERT G. JAMES

SCOTT A. CAMPBELL                 MAG. JUDGE KAREN L.  HAYES

RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On March 28, 2005, Defendant Scott A. Campbell ("Campbell") pled guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  Following Campbell's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report.  The Probation Officer determined that Campbell's range of imprisonment under the United States Sentencing Guidelines was 188-235 months.  Included in the Guidelines determination was a two-level enhancement for his joint possession of a firearm with one of his co-defendants.  On October 11, 2005, the Court sentenced Campbell to serve 188 months imprisonment.  A Judgment imposing that term of imprisonment was signed on October 12, 2005. [Doc. No. 97].

Campbell is before the Court, *sua sponte*, for consideration under 18 U.S.C. § 3582(c)(2), to determine if he is entitled to a reduction in his term of imprisonment in light of the United States Sentencing Commission's Amendment 782 to the Guidelines.  On February 9, 2015, the Office of the Federal Public Defender was appointed to represent him. [Doc. No. 144].

On July 30, 2015, the USPO met with counsel for the Government and for Campbell.  The

parties all agree that, after retroactive application of Amendment 782, Campbell's offense level was

reduced by two levels to 29, and his recommended Guidelines range of imprisonment was reduced

to 151-188 months.  The USPO and counsel for Campbell agreed to recommend to the Court that

Campbell receive a reduction in his term of imprisonment to 151 months.  The Government opposes

any further reduction.

On September 24, 2015, counsel for the Government  filed a sentencing memorandum under

seal in support of its position. [Doc. No. 148].   The Government argues that Campbell should not

receive a further reduction because he is a danger to public safety.  In support of its argument, the

Government points solely to the facts contained in the 2005 Pre-Sentence Investigation Report.

**A.      Analysis**

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except
that-
...

in the case of a defendant who has been sentenced to a term of imprisonment based
on a sentencing range that has subsequently been lowered by the Sentencing
Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
Director of the Bureau of Prisons, or on its own motion, the court may reduce the
term of imprisonment, after considering the factors set forth in section 3553(a) to the
extent that they are applicable, if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in

the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.

1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)).  However, the statute requires

the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's

policy statements.  In this case, the policy statement is contained in U.S.S.G. § 1B1.10(b), which

provides:

> (b)    <u>Determination of Reduction in Term of Imprisonment</u>--
>
> > (1)    <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> > (2)    <u>Limitations and Prohibition on Extent of Reduction</u>--
>
> > > (A)    <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> > . . .

U.S.S.G. § 1B1.10 (b)(1)-(2)  (2014 Guidelines Manual).  Amendment 782 is one of the "Covered Amendments." U.S.S.G. § 1B1.10(d).

The Court has the authority under § 3582(c)(2) to reduce Campbell's sentence to 151 months, the minimum range of imprisonment provided by the revised Guidelines calculations. Additionally, having reviewed the record in this matter, as set forth above, the Court finds that such a reduction is appropriate in this case.  Campbell's current Guidelines calculation takes into account his joint possession of a dangerous weapon at the time of the offense with his co-defendant.  No evidence from his 15 years of incarceration indicates that he is a current danger to the public safety. In short, a reduction in Campbell's term of imprisonment is consistent with the revised Guidelines

calculation and the goals of 18 U.S.C. § 3553(a).

**B.     Conclusion**

For the foregoing reasons, the Court determines that a reduction is appropriate in this matter.

The Court will issue a separate order reducing Campbell' term of imprisonment to 151 months.

MONROE, LOUISIANA, this 6th day of October, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE